No. 635

MIDDLE STATES SECURITIES CO. v. SMITH

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1431. Decided Dec. 29, 1926.

305. CONVEYANCES—Where conveyance refers to highway as boundary, presumption that title extends to middle of highway, is overcome by indication on face of conveyance.

Appeal from Common Pleas. Decree for plaintiff.

**First Publication of this Opinion**

ALLREAD, J.

This case involves a construction of the descriptive clauses of certain deeds and conveyances. Jacob Slyh is the common source of title.

On May 14, 1852, he leased to certain church trustees, so long as used for church purposes, a portion of his farm lying in the fork of the roads now known as the Kenney Pike and the Scioto and Olentangy River Road. The description of the land so leased is as follows:

"Commencing at a post in the fork of said roads and running West one hundred and seventy-five feet, thence North a sufficient distance so that when it is enclosed by two other lines, one running due East to the Shattucksburg Road and the other Southeast with said road to the place of beginning, it will contain one-half acre of land."

The half acre lot so leased was fenced and used for church purposes for many years. Shortly prior to 1920, it was abandoned and the property reverted to the heirs and devisees of Jacob Slyh.

The defendant, who has title to land adjoining the parcel in question, contends that the measurement of the tract should begin at the intersection of the middle lines of the roads and extend thence west 175 feet and thence north to the Kenney Road so as to make one-half acre of land fixed by measuring, in each instance, to the center of the roads. This would make the tract a triangle and would exclude the church buildings and ignore the fence lines. Plaintiff contends that the measurements should be made along the margins of the roads and should be controlled by the only existing monuments, to-wit: the ancient fence lines on the north and east of the church property, which would form the dividing line between the church property and the land of the defendant. This theory would include the church buildings and also the entire church property as occupied by the church from the time of the original lease in 1852 and as enclosed at the time of the more recent conveyances.

The contention of the defendant is based upon the proposition that where a highway is referred to as the boundary of a conveyance the presumption is that the title extends to the middle of the highway. This may be assumed as a correct proposition where there is no other indication on the face of the conveyances. Here, however, the measurement of the one-half acre tract began at a post in the fork of the roads. This would clearly rebut the idea that the measurement was to be along the center of the road and it is equally clear that the acreage was to be computed upon the basis of the enclosure.

The location of the post fixed as the beginning point of the metes and bounds set forth in the lease cannot be indentified from any physical evidence, but it is clear that it was so located that the 175 feet called for in said lease extended to the location of the ancient fences and that the measurements which made up the one-half acre of land were made along the margins and not along the middle lines of the roads described in the lease.

We therefore hold that the plaintiff is entitled to a decree quieting his title to the land described in the amended and second amended petitions.

Decree accordingly.

Attorneys — Postelwaite & Brickner for Company, Samuel L. Black and William H. Jones for Smith; all of Columbus.